**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| DANIEL P. SHANNON,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA N.A., et al.,<br><br>Defendants. | 2:11-CV-1174 JCM (RJJ) |
|---|---|

**ORDER**

Presently before the court is defendant Quality Loan Service Corporation's motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. #6). Defendant Bank of America, N.A. has joined in the motion (doc. #9), as has defendant Meridas Capital, Inc. (doc. #14). Plaintiff Daniel Shannon, appearing in proper person, has filed an opposition (doc. #12), and Quality Loan has replied (doc. #13).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint that alleges only "labels and conclusions" or a "formulaic recitation of the elements of the cause of action" will not survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**Counts 1, 8, and 9: Fraud Claims**[1]

Plaintiff's first, eighth, and ninth causes of action allege various forms of fraud. Pursuant to Federal Rule of Civil Procedure 9, claims of fraud must be plead with specificity. The elements of fraud include: (1) a material representation or deceit that is false; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages. *Steams' Properties v. Trans-World Holdings Corp.*, 492 F. Supp. 238, 241-42 (D. Nev. 1980). Allegations of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiff's fraud allegations fall far short of the requirements of Rule 9. Plaintiff fails to allege facts with sufficient particularity and specificity to meet the heightened pleading standard for fraud causes of action. Rather, the allegations amount to the type of "formulaic recitations" that the Supreme Court disapproved of in *Twombly*. *See Twombly*, 550 U.S. at 555. Because these allegations fail to inform as to "the who, what, when, where, and how" of the alleged fraudulent scheme, the claim must fail. *See Vess*, 317 F.3d at 1106.

**Count 2: Breach of the Covenant of Good Faith and Fair Dealing**

Plaintiff asserts that defendant Meridias engaged in "bait and switch" tactics, by offering a 5.99% fixed interest rate during loan negotiations, but altering the figure to a 6.375% variable rate in the final loan documents. Plaintiff contends that such actions constitute a breach of the implied covenant of good faith and fair dealing inherent in every contract. *See Hilton Hotels Corp. v. Butch Lewis Prod., Inc.*, 107 Nev. 226, 234 (1991).

The complaint fails to allege how the remaining defendants were involved in this "bait and switch" maneuver. This court finds that plaintiff has stated a claim for relief against Meridias for a breach of the implied covenant of good faith and fair dealing. However, the allegations do not state a claim as against the remaining defendants.

---

[1]The court notes that plaintiff's complaint contains two counts labeled as "Count 9." The analysis in this section pertains to the "second" count 9, alleging constructive fraud.

**Count 3: Quiet Title**

"An action may be brought by any person against another who claims an estate or interest in real property, adverse to him, for the purpose of determining such adverse claim." NRS § 40.010. In a quiet title action, the plaintiff carries the burden to establish that he has good title. *Breliant v. Preferred Equities Corp.*, 112 Nev. 663, 669 (1996) (citing *Ernie v. Trinity Lutheran Church*, 51 Cal.2d 702 (1959)). A quiet title action requires the plaintiff to show that the defendant is unlawfully asserting an adverse claim to the disputed title. *Kemberling v. Ocwen Loan Servicing, LLC*, 2:09-cv-00567-RCJ-LRL, 2009 WL 5039495, *2 (D. Nev. Dec. 15, 2009).

Here, plaintiff's complaint fails to allege that defendant is unlawfully asserting an adverse claim to title. Plaintiff seeks to quiet title based upon the notice of default that was recorded against the subject property. However, plaintiff's complaint does not assert that this notice of default was wrongfully recorded (e.g. nothing in the complaint refutes the premise that plaintiff has defaulted on his home loan). Accordingly, in his request to quiet title, plaintiff fails to state a claim upon which relief can be granted.

**Count 4: Wrongful Foreclosure**

"An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised, or the foreclosure occurred, no breach of condition or failure of performance existed. . . ." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Plaintiff has failed to allege any breach of condition or failure of performance. Thus, this cause of action must be dismissed.

Plaintiff's allegation regarding wrongful foreclosure is premised on the involvement of Mortgage Electronic Registration Systems, Inc. ("MERS") in the foreclosure process. Plaintiff alleges that by divorcing the deed of trust from the promissory note, the loan was no longer secured and MERS had no right to institute foreclosure proceedings. This argument has been rejected by the Ninth Circuit. *See Cervantes v. Countrywide Home Loans, Inc.*, – F.3d –, 2011 WL 3911031, *6-7 (9th Cir. Sept. 7, 2011).

Accordingly, plaintiff has failed to state a claim for wrongful foreclosure (count 4) and therefore has also failed to state a claim to have the trustee's deed upon sale declared void (count 11). Both counts are dismissed.

**Count 9: Negligent Misrepresentation**[2]

Plaintiff's cause of action alleging fraudulent misrepresentation is time barred. Pursuant to NRS 11.190(d), the applicable limitations period is three years. The loan at issue here was originated May, 2007. The suit, however, was filed June 10, 2011. Accordingly, over three years elapsed between the facts giving rise to the alleged injury and the commencement of the suit. Plaintiff has failed to argue why the limitations period should not apply to the facts of his case. *See Bank of Nevada v. Friedman*, 82 Nev. 417, 422 (1966).

**Count 12: Unfair Lending Practices**

Plaintiff's cause of action alleging unfair lending practices is similarly time barred. Claims under Nevada's predatory lending statute, NRS 598D, must be brought within two years. *See* NRS11.190(4)(b). As previously explained, plaintiff brought his suit over four years after signing the loan documents. Plaintiff has failed to argue why the limitations period should not apply to the facts of his case. *See Bank of Nevada v. Friedman*, 82 Nev. 417, 422 (1966).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendant Quality Loan's motion to dismiss (doc. #6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that plaintiff's first, third, fourth, eighth, ninth, ninth, eleventh, and twelfth causes of action be dismissed. The second cause of action shall be dismissed only as to Bank of America and Quality Loan.

DATED September 29, 2011.

James C. Mahan

**UNITED STATES DISTRICT JUDGE**

[2]As explained in note 1, plaintiff's complaint contains two counts labeled as "Count 9." The analysis in this section pertains to the "first" count 9, alleging negligent mispprepresentation.

**James C. Mahan**
**U.S. District Judge**