UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANIEL P. SHANNON,

         Plaintiff,

v.

BANK OF AMERICA N.A., et al.,

         Defendants.

2:11-CV-1174 JCM (RJJ)

**ORDER**

    Presently before the court is defendant Meridias Capital, Inc.'s ("Meridias") motion for judgment on the pleadings. (Doc. #23). Plaintiff Daniel Shannon, appearing in proper person, has filed an opposition (doc. #24), to which Meridias has replied (doc. #26).

    This court previously dismissed Shannon's first, third, fourth, eighth, ninth, ninth, eleventh, and twelfth causes of action[1] for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). *See* Doc. #22. The second cause of action, for breach of the implied duty of good faith and fair dealing, was dismissed as to defendants Bank of America, N.A., and Quality Loan Service Corporation. *Id.* Meridias was not dismissed from the second cause of action. Also, this court did not address defendants' arguments relating to the fifth cause of action, for rescission of the underlying loan documents. *Id.*

---

[1] Shannon's complaint contained two ninth causes of action, but did not contain a sixth, seventh, or tenth cause of action.

**James C. Mahan**
**U.S. District Judge**

1    Meridias now moves for judgment on the pleadings as to the second and fifth causes of
2    action.

3    **Discussion**

4        *1.*    *Legal Standard*

5    Motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) are "functionally
6    identical" to motions for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Dworkin v. Hustler*
7    *Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The primary difference between the two is that
8    a "Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole, and not
9    merely the complaint." *Amerson v. County of Clark*, 2011 WL 4433751, *1-2 (D. Nev. September
10   21, 2011) (citing *Aponte-Teorres v. Univ. of Puerto Rico*, 445 F.3d 50, 54-55 (1st Cir. 2006).

11   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
12   as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
13   1949 (2009) (internal quotation marks omitted). Dismissal is proper when the complaint does not
14   make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal
15   theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint
16   that alleges only "labels and conclusions" or a "formulaic recitation of the elements of the cause of
17   action" will not survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

18       *2.*    *Analysis*

19       (a)    Second Cause of Action: Breach of the Implied Covenant of Good Faith and
20       Fair Dealing

21   Meridias' previous joinder to defendant Quality Loan Servicing's motion to dismiss did not
22   provide the court with particularized arguments relating to Meridias. Rather, Meridias simply joined
23   in all arguments made by Quality Loan Servicing. As none of those arguments reached the failure
24   of the complaint to state a claim against Meridias for breaching the implied covenant, this court did
25   not dismiss Meridias from the second cause of action. Meridias now moves for judgment on the
26   pleadings arguing that it is entitled to judgment because Shannon has failed to plead a cause of action
27   for breaching the implied covenant of good faith and fair dealing as to it.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    To state a claim for breach of the covenant of good faith and fair dealing, a plaintiff must
2 allege that (1) plaintiff and defendants were parties to an agreement; (2) the defendants owed a duty
3 of good faith to the plaintiff; (3) the defendant breached that duty by performing in a manner that was
4 unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.
5 *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).  However, "a party cannot breach the covenant of
6 good faith and fair dealing before a contract is formed."  *Kwok v. Recontrust Company, N.A.*, 2011
7 WL 3022412 *2 (D. Nev. July 22, 2011).

8    Here, Shannon alleges that Meridias violated the implied covenant by promising that he
9 would qualify for a fixed interest rate of 5.99%, but eventually inducing him to enter into a variable
10 interest rate that was higher than 5.99%.  *See* Compl. ¶ 9-14.  Such allegations of "bait and switch"
11 necessarily predate the formation of the contract.  As such, the actions Shannon complains of
12 occurred before the contract was formed.  As made clear by this district previously, pre-contractual
13 interactions do not form the basis of a bad faith claim.  *See Kwok*, 2011 WL 3022412 at *2.
14 Accordingly, the complaint fails to state a claim against Meridias for breach of the implied covenant
15 of good faith and fair dealing, and Meridias is therefore entitled to judgment on the pleadings as to
16 this claim.

17       (b)    Fifth Cause of Action: Rescission under the Truth in Lending Act

18    The Truth in Lending Act ("TILA") provides for a rescission remedy, but contains a three-
19 year statute of limitations.  *See* 15 U.S.C. § 1635(f).  Here, the alleged violations of TILA occurred
20 during loan origination, on or about May 8, 2007.  The complaint, however, was not filed until June
21 10, 2011, over four years after the cause of action accrued.  As such, any cause of action for
22 rescission under TILA is time-barred.  Therefore, Meridias is entitled to judgment on the pleadings
23 as to the fifth cause of action.

24    Accordingly,

25    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendant Meridias
26 Capital, Inc.'s motion for judgment on the pleadings (doc. #23) be, and the same hereby is,
27 GRANTED.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

IT IS FURTHER ORDERED that plaintiffs' fifth cause of action be dismissed, as it is time-barred.

IT IS THEREFORE ORDERED that judgment be entered in favor of the defendants.

DATED December 5, 2011.

_____
**UNITED STATES DISTRICT JUDGE**