UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL P. SHANNON,<br><br>           Plaintiff,<br><br>v.<br><br>BANK OF AMERICA N.A., et al.,<br><br>           Defendants. | 2:11-CV-1174 JCM (RJJ) |

**ORDER**

Presently before the court is defendant Meridias Capital, Inc.'s ("Meridias") motion for judgment on the pleadings. (Doc. #23). Plaintiff Daniel Shannon, appearing in proper person, has filed an opposition (doc. #24), to which Meridias has replied (doc. #26).

This court previously dismissed Shannon's first, third, fourth, eighth, ninth, ninth, eleventh, and twelfth causes of action[1] for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). *See* Doc. #22. The second cause of action, for breach of the implied duty of good faith and fair dealing, was dismissed as to defendants Bank of America, N.A., and Quality Loan Service Corporation. *Id.* Meridias was not dismissed from the second cause of action. Also, this court did not address defendants' arguments relating to the fifth cause of action, for rescission of the underlying loan documents. *Id.*

---

[1] Shannon's complaint contained two ninth causes of action, but did not contain a sixth, seventh, or tenth cause of action.

**James C. Mahan**
**U.S. District Judge**

Meridias now moves for judgment on the pleadings as to the second and fifth causes of action.

**Discussion**

*1. Legal Standard*

Motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) are "functionally identical" to motions for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The primary difference between the two is that a "Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole, and not merely the complaint." *Amerson v. County of Clark*, 2011 WL 4433751, *1-2 (D. Nev. September 21, 2011) (citing *Aponte-Teorres v. Univ. of Puerto Rico*, 445 F.3d 50, 54-55 (1st Cir. 2006).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint that alleges only "labels and conclusions" or a "formulaic recitation of the elements of the cause of action" will not survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

*2. Analysis*

    (a) <u>Second Cause of Action: Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

Meridias' previous joinder to defendant Quality Loan Servicing's motion to dismiss did not provide the court with particularized arguments relating to Meridias. Rather, Meridias simply joined in all arguments made by Quality Loan Servicing. As none of those arguments reached the failure of the complaint to state a claim against Meridias for breaching the implied covenant, this court did not dismiss Meridias from the second cause of action. Meridias now moves for judgment on the pleadings arguing that it is entitled to judgment because Shannon has failed to plead a cause of action for breaching the implied covenant of good faith and fair dealing as to it.

To state a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege that (1) plaintiff and defendants were parties to an agreement; (2) the defendants owed a duty of good faith to the plaintiff; (3) the defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). However, "a party cannot breach the covenant of good faith and fair dealing before a contract is formed." *Kwok v. Recontrust Company, N.A.*, 2011 WL 3022412 *2 (D. Nev. July 22, 2011).

Here, Shannon alleges that Meridias violated the implied covenant by promising that he would qualify for a fixed interest rate of 5.99%, but eventually inducing him to enter into a variable interest rate that was higher than 5.99%. *See* Compl. ¶ 9-14. Such allegations of "bait and switch" necessarily predate the formation of the contract. As such, the actions Shannon complains of occurred before the contract was formed. As made clear by this district previously, pre-contractual interactions do not form the basis of a bad faith claim. *See Kwok*, 2011 WL 3022412 at *2. Accordingly, the complaint fails to state a claim against Meridias for breach of the implied covenant of good faith and fair dealing, and Meridias is therefore entitled to judgment on the pleadings as to this claim.

(b) Fifth Cause of Action: Rescission under the Truth in Lending Act

The Truth in Lending Act ("TILA") provides for a rescission remedy, but contains a three-year statute of limitations. *See* 15 U.S.C. § 1635(f). Here, the alleged violations of TILA occurred during loan origination, on or about May 8, 2007. The complaint, however, was not filed until June 10, 2011, over four years after the cause of action accrued. As such, any cause of action for rescission under TILA is time-barred. Therefore, Meridias is entitled to judgment on the pleadings as to the fifth cause of action.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendant Meridias Capital, Inc.'s motion for judgment on the pleadings (doc. #23) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  IT IS FURTHER ORDERED that plaintiffs' fifth cause of action be dismissed, as it is time-barred.

IT IS THEREFORE ORDERED that judgment be entered in favor of the defendants.

DATED December 5, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -